### Jesse Franklin v. The State.

#### No. 2627.    Decided June 23, 1903.

#### Motion for rehearing overruled October 28, 1903.

**1.—Charge of Court.**
Where the court's general charge substantially embraces one requested by defendant, it is not error to refuse the latter.

**2.—Evidence—Admission of.**
Unless testimony which may be objectionable is properly excepted to at the time of its introduction, or upon motion to exclude and failure of court to rule thereon, or to the general charge when read to the jury, the court's action can not be reviewed and a bill of exception allowed after trial comes too late.

**3.—Argument of Counsel.**
Appellant excepted to closing argument of district attorney made in response to remarks of defendant's counsel; the court instructed the jury not to regard the remarks of the State's counsel and the defendant requested no special charge. Held, no error is presented.

**4.—Remarks by Judge.**
While it was improper for the trial judge in overruling the defendant's motion for new trial to discuss the facts, it affords no ground for reversal.

**5.—Principals—Charge of Court.**
It is in accordance with the statute for the court to charge that any person who advises or agrees to the commission of an offense and is present when the same is committed is a principal thereto, whether he aids or not in the illegal act, and such charge was pertinent to the facts of this case.

#### ON MOTION FOR REHEARING.

**6.—Charge of Court.**
See charge held not to be confusing where the name of a witness is used by mistake for that of another, but is made sufficiently certain in portion of charge just preceding.

**7.—Same.**
An objection that the court's charge is on the weight of the evidence not raised by bill of exception or in motion for new trial can not be considered.

**8.—Same—Principals.**
See charge on principals favorable to appellant and responsive to the evidence.

Appeal from the District Court of Henderson County. Tried below before Hon. John Y. Gooch.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

Appellant was charged by indictment with the murder of Victoria Culberson, on or about the 22d day of January, A. D. 1903, in the county of Henderson, by shooting her with a gun. All the parties are negroes. It was proved that Tobe Davis, Anderson McKinney, defendant and others were charged jointly by complaint in the justice court at Brownsboro, on or about January 23, A. D. 1903, with the murder of Victoria

Culberson; that Anderson McKinney was held under bond to await the grand jury's action at said term of the district court on said charge, and that the grand jury was still in session at the time of this trial, and that said McKinney had not been discharged. The defendant, Tobe Davis, had not been arrested.

The evidence is quite voluminous and conflicting as to what connection defendant had or what part he took in the homicide. But defendant admitted that he was present when Tobe Davis fired the fatal shot. It seems that Charles Culberson. and Tobe Davis had an altercation, shortly before the killing, about Victoria Culberson, the former's wife; that the negroes had a party on the night of the killing; that Charles Culberson and wife were present; that Tobe Davis and the defendant came there together; that the former had a gun and on the way to the festival made some threats about killing some one. Defendant on the stand disclaimed any knowledge as to whom Tobe Davis threatened to kill, but contended that he had prevailed on the latter not to carry out his threats, etc.; that just before the killing Tobe Davis had urged defendant to come with him; that they left the house together; that when Davis again made his threat defendant again asked him to desist and started to leave him; that Davis stopped him and threatened to shoot him, etc.; and that then Davis fired two shots, whereupon they both ran. It also developed in the proof that Tobe Davis intended to kill Charles Culberson, but in the dark made a mistake and shot and killed Victoria Culberson.

Anderson McKinney testified that after 12 o'clock the night of the killing he met defendant after the latter returned from the party. That defendant said he had been to the festival; said he and Tobe Davis had caught up with Charles Culberson and his wife on the road—Tobe wouldn't shoot—was afraid that he would hurt somebody besides Charley. Said that after Tobe wouldn't shoot, they went and got over into a field—thought defendant said they went and got into a field, so they had to come one at a time so they could be sure which one was Charley. Tobe wouldn't shoot them then—wanted to be sure. Defendant said he told Tobe to let him have the gun and he would shoot him— that he knew which one was Charley. Defendant said they ran around in front of them, they headed them off and waited for them to come along, and Tobe was afraid to shoot and defendant told him to give him the gun, that he would shoot. Defendant did not say what they did with the gun. All this statement of McKinney was denied by defendant, and other witnesses testified that McKinney had not made any such statement to them when asked to tell all he knew, etc. McKinney also testified that he met Tobe Davis after the shooting and a half hour before he met defendant; that Tobe told witness of the killing; said he did not know whether he hit the man or the woman. If he had hit Charley he wouldn't leave, but he was afraid he had hit the woman and he was going to leave the country.

There was no ill feeling between defendant and deceased or her husband Charley and defendant. The testimony also disclosed the fact that Tobe Davis had borrowed a gun when defendant was with him. Tobe said he wanted to get the gun to shoot an owl which was bothering his chickens. The shots were heard by other witnesses. Tobe Davis and defendant were seen by a number of witnesses at the party before the shooting and were not in the house when the shooting occurred, etc.

Charles Culberson testified that he and his wife were at the party—that on the same evening he had forbidden Tobe Davis to speak to his wife, etc.; that Tobe Davis shot and killed Victoria Culberson. Defendant was there at the time of the shooting with Tobe Davis. Culberson and wife had gone out to a well near the house where the festival took place to get water; that defendant was standing right behind Tobe Davis when the shooting occurred; saw them running after the two shots were fired, etc.; did not hear defendant say "Don't shoot," could have heard, etc.

The court charged on murder of first and second degree and express and implied malice, principals and accomplices.

The opinion of the court fully illustrates the questions raised.

*E. P. Miller, Guy Green,* and *M. E. Richardson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of five years.

Appellant has presented a lengthy bill of exceptions, which recites the testimony of a number of witnesses. We gather from the bill that he only objects, however, to the failure of the court to limit the evidence of Mobley as to what Anderson McKinney told him that Tobe Davis had said to him (McKinney), to the issue of the credibility of said Anderson McKinney. We understand the court gave a charge on this subject substantially as requested by appellant, and it was not necessary, therefore, to give said requested charge. We do not understand that appellant excepted at the time to the failure of the court to exclude the evidence of Mobley, as the bill shows that defendant's attorney did not except at the time to the failure of the court but relied upon the request to exclude said evidence. When this request was made does not appear. The bill is not in such shape as to require a review by this court.

Appellant excepted to certain remarks alleged to have been made by the district attorney in his closing argument. These appear to have been in response to an argument by defendant's counsel. The court, it seems from the bill, admonished the jury not to regard the argument of the State's counsel, and no requested charge was submitted on this subject. As presented it shows no error.

Appellant also reserved an exception to the discussion of the facts by the judge overruling his motion for new trial. While this was improper it affords no grounds for the reversal of this case.

In motion for new trial appellant excepts to several portions of the court's charge; but it does not occur to us that there is any error in the charge. Among others, he excepted to the charge on principals. In this connection, he specially excepted to that portion of the charge which instructed the jury, that any person who advises or agrees to the commission of an offense, and is present when the same is committed, is a principal thereto, whether he aids or not in the illegal act. This is in accordance with the statute on the subject, and it occurs to us was pertinent to the facts of this case.

Appellant contends that the evidence is not sufficient to sustain the verdict. We have examined the record carefully, and in our opinion the evidence is sufficient. There being no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HENDERSON, JUDGE.—This case was affirmed at the Austin term, and now comes before us on motion for rehearing.

Appellant insists that the testimony of the witness McKinney as to what Tobe Davis told him in the absence of defendant Franklin, in regard to the killing, should not have been admitted by the court, and his motion to exclude the same should have been granted. As stated in the original opinion this evidence was admitted without objection on the part of appellant, but subsequently he made a motion to exclude the same. The bill shows that appellant did not except at the time to the failure of the court to rule upon the request to exclude said evidence, or to the general charge when read to the jury; but afterwards presented his bill of exceptions to the failure of the court to exclude said evidence and to the charges given. This latter action appears to have been taken after the trial of the case, as the bill was prepared and allowed some three days thereafter. This comes too late to be considered as a bill of exceptions. Appellant also objects to the court's charge on this testimony, not on the ground that the court limited it to the credibility of the witness McKinney, because appellant asked a charge to this effect himself; but, he says, the charge given by the court on this subject was confusing, in that, in the court's charge the name Davis was used where McKinney's should have been used. We have examined the court's charge in this particular, and if we take in connection with this portion of the charge, what had gone before, there is no reason why the jury should have been confused on the subject. The court tells the jury that the State was permitted, without objection, to prove by Mobley that McKinney had told him (Mobley) that Davis had told him certain things about the case that might be damaging to defendant Franklin. The

court then proceeds to instruct the jury how they were to consider Davis' statement of what Anderson said or did, etc., when he should have told them how they were to consider Anderson's statement of what Davis said or did, etc. As said above, taking what just preceded this, the jury could not have misapplied the testimony.

Appellant also objects to the court's charge on accomplice testimony, because the court submitted to the jury whether or not McKinney was an accomplice, when the court should have instructed the jury that he was an accomplice. It has been held in a number of cases that the court could pursue either method. This was the only objection urged to the charge on accomplice testimony in the motion for new trial. However, appellant in his motion for rehearing contends that the court's charge on accomplice testimony was on the weight of the evidence. In answer to this, it is sufficient to say that this question was not raised as to the charge, either by bill of exceptions or in motion for new trial; consequently it can not be considered.

Appellant complains that the court failed to charge on abandonment of the difficulty by appellant. We do not believe the evidence raised this issue. Appellant also criticises the court's charge on principals, and especially that portion of said charge which told the jury in that connection, "that mere knowledge that threats had been made or that the offense is about to be committed, will not make a party a principal in the crime, if committed by another. And this is the law as to defendant, Jesse Franklin, even though he may have failed to give an alarm, and even though he may have kept silent as to threats or unlawful acts or purposes known to him before or after the commission of the offense. The law does not make it the duty of a citizen to run any risk of imperiling his own safety, or to incur danger, by interfering in the dangers or troubles of others; and such failure on his part to do so can not be considered as a circumstance of his guilt, or of aiding or encouraging the commission of an offense." It seems to us that this was a charge in favor of appellant, and was in response to the evidence in the case. Notwithstanding the very able brief of counsel for appellant on motion for rehearing, we find no error in the proceedings which led to the conviction of appellant; and as stated in the original opinion, we believe the evidence is ample to sustain the conviction. The motion for rehearing is accordingly overruled.

*Overruled.*